## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **TELOS HOLDINGS, INC.** | ) | |
| **d/b/a POINT CLASSICS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **JURY DEMAND** |
| **S.A.A.R. SrL, and** | ) | |
| **BELIEVE DIGITAL** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Comes now the plaintiff Telos Holdings, Inc. d/b/a Point Classics (the "Plaintiff" or "Point Classics"), and files this Complaint for copyright infringement, accounting, injunctive relief, declaratory relief and other relief against S.A.A.R. SrL ("SAAR") and Believe Digital ("Believe") and states as follows:

## NATURE OF THE ACTION

1.     This action for damages, declaratory relief and permanent injunctive relief is brought pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. §§101 et seq. (the "Copyright Act") and other common and statutory law.

2.     Plaintiff is, among other things, a music library that owns and controls the copyrights in and to numerous classical music sound recordings (the "Catalog"). Plaintiff has complied with all of the laws pertinent to the compositions as copyrighted works, and the subject copyright registrations for the Catalog have been appropriately deposited and registered with the

1

U.S. Copyright Office. At all times pertinent hereto, the Plaintiff has complied with all applicable provisions of the copyright laws of the United States.

3. On or about August 2013, Plaintiff discovered that portions of the Catalog had been illegally licensed to SAAR and distributed by Believe by way of a purported license with HHO, Ltd. ("HHO") dated March 1, 2000 ("HHO License"), which covers an unknown number of sound recordings from the Catalog, but approximately 1,000 as identified on **Exhibit A** ("Infringed Sound Recordings"), which may be augmented following discovery between the parties.

4. On information and belief, Defendant SAAR paid a significant sum of money in exchange for the HHO License ("HHO License Fee").

5. HHO did not have the legal right or authority to license the Catalog to SAAR.

6. At least a portion of the HHO License Fee should have been paid to Plaintiff.

7. SAAR has made the Infringed Sound Recordings available for sale and download through various third party download sites such as iTunes.

8. On September 26, 2013 and October 15, 2013, Plaintiff requested that Believe and SAAR cease and desist its unlawful distribution of the Infringed Sound Recordings and subsequently issued takedown notices to iTunes.

9. SAAR and Believe have refused to cease and desist their unlawful distribution of the Infringed Sound Recordings. In fact, after iTunes represented that the recordings had been removed, they reappeared for sale in the iTunes store.

10. Additionally, Plaintiff requested an accounting from SAAR of any sales of the Infringed Sound Recordings on December 5, 2013.

11. SAAR has refused to provide an accounting to Plaintiff.

2

12.     Plaintiff has provided to SAAR proof of its chain of title and former judgments involving the Infringed Sound Recordings and various courts' recognition of the Plaintiff's copyright ownership.     Additionally, Plaintiff has provided SAAR with copies of prior agreements between Plaintiff's predecessors-in-interest and HHO, which clearly show that HHO did not have the right to grant digital distribution rights to SAAR.   Despite this notice of its infringing activity and uncontradicted proof of its chain of title, SAAR and Believe have refused to cease their unlawful distribution of the Infringed Sound Recordings and provide an accounting.

13.     Plaintiff holds exclusive rights to the Catalog, which includes the Infringed Sound Recordings, and held the exclusive right and title to exploit, market or transfer title to this Catalog at the time HHO and SAAR illegally sublicensed the Infringed Sound Recordings to third parties.

14.     Plaintiff is entitled to, among other things, a judgment for statutory damages and attorneys fees for unlawful distribution and/or sublicensing of the Infringed Sound Recordings to third parties, along with any other relief available to Plaintiff from Defendant, including the impounding of all illegal product, as a result of Defendant's undertaking a course of infringing conduct and continuing their course of infringing conduct following notice from Plaintiff as the owner of valuable copyrights.

## The Parties

15.     Plaintiff Telos Holdings, Inc. is a corporation organized under the laws of Texas.[1] Plaintiff is a music library that is in the business of licensing its catalog of classical recordings to

---

[1] In 2008, Point Classics, LLC, a Tennessee limited liability company, was dissolved and absorbed by Telos Holdings, Inc., which has been the parent company of the entities that have owned the Point Classics Catalog since 2000.

3

record companies and to the film and television business. Plaintiff's sound recordings are sold and offered for sale throughout the world including in this judicial district.

16. Upon information and belief, SAAR is an Italian company. SAAR's principal place of business is located at Viale di Porta Vercellina, 14-20123, Milano Italy, and regularly conducts business throughout the United States via the Internet and distribution of recordings, including in this judicial district.

17. Upon information and belief, Believe is a French music distribution company with offices throughout the world, including in Miami, San Diego and New York City. Its principal place of business in the United States is located at 119 Ingraham Street, Brooklyn, NY.

## Jurisdiction and Venue

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the United States Copyright Act, 17 U.S.C. §§ 101, et seq (the "Copyright Act"). Jurisdiction is also proper pursuant to 28 U.S.C. §§ 2201 and 2202.

19. Personal jurisdiction over the Defendants is proper in this jurisdiction, among other reasons, on the grounds that both Defendants regularly conduct business in the State of Tennessee either by marketing, distributing, selling, and/or licensing its works in Tennessee, and/or acting directly or indirectly, having transacted business in this State or contracted to supply services or things in this State, and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400, as this action involves title to copyrighted compositions, and 28 U.S.C. § 1391(b), as this action involves corporations of different states that regularly conduct business in this district.

## Facts Common to All Claims for Relief

21.     Plaintiff has expended considerable amounts of money to obtain and market intellectual property in and to certain classical recordings. All rights in those recordings are owned and/or controlled by Plaintiff, including the copyrights in the Infringed Sound Recordings. Plaintiff derives a benefit from this investment from the exploitation of sound recordings in various media, including through the Internet, and from other actual or potential benefits and value not directly related to the exploitation of any particular recording. Such benefits include, but are not limited to, the enhancement of Plaintiff's goodwill and the value of its business derived from the ownership and control of a significant catalog of classical music sound recordings, including Plaintiff's Infringed Sound Recordings transferred or sublicensed unlawfully by Defendant to third parties. In essence, this Catalog is an immensely valuable asset in itself, capable of being leveraged by Plaintiff in pursuit of other lucrative business opportunities.

22.     Defendant SAAR's licensing and/or sublicensing of the Infringed Sound Recordings to third parties has diminished Plaintiff's ability to profit from an otherwise valuable asset by diverting compensation for the licensing of the Infringed Sound Recordings away from Plaintiff and infringing Plaintiff's exclusive rights to control those sound recordings.

23.     Defendant Believe's refusal to comply with the takedown demands of the Infringed Sound Recordings to third parties has diminished Plaintiff's ability to profit from an otherwise valuable asset by diverting compensation for the licensing of the Infringed Sound

5

Recordings away from Plaintiff and infringing Plaintiff's exclusive rights to control those sound recordings.

24.      Plaintiff has registered its copyrights in the Catalog with the United States Copyright Office in Washington, D.C. Plaintiff's Certificates of Registration for the Catalog are attached hereto as **Exhibit B**.

25.      Plaintiff's good title to the Catalog has been upheld by Courts in foreign jurisdictions, including the case styled *Point Classics, AG v. Disky Gmbh Musik & Video*, Case No. 308 O 388/95, which is a judgment of the District Court of Hamburg, Germany, pronounced on June 11, 1999, which judgment was adopted by this Court in the November 18, 2003 Consent Judgment. *See* **Exhibit C**.

26.      Plaintiff's good title to the Catalog further has been upheld by Courts in foreign jurisdictions, including the case styled *Point Classics, LLC v. Klaus Kraemer*, Case No. 308 O 113/01, which is a judgment of the District Court of Hamburg, Germany, dated July 7, 2004. A true and correct copy of this judgment, in German, along with a certified English translation, is attached hereto and incorporated herein as **Exhibit D**.

27.      In prior actions, this Court has recognized and upheld Plaintiff's good chain of title to the Catalog and the validity of its copyrights. *See Platinum Entertainment, Inc. v. Point Classics, LLC*, Case No. 3:01-1413 (a copy of the Consent Judgment is attached hereto as **Exhibit E**) and *Point Classics, LLC v. MP3.com, Inc., Vivendi Universal Net USA Group, Inc., and Payne*, Case No. 3:03-1154.

## COUNT I
### (Copyright Infringement – Digital Audio Transmission)

28.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 as if fully set forth herein.

6

29.     At times relevant to the Complaint, Defendants SAAR and Believe exploited the Infringed Sound Recordings by way of digital audio transmissions, distribution and downloads within the meaning of Section 106(b) of the Copyright Act (17 U.S.C. § 106(6)).

30.     Neither Defendant sought or obtained a license or sublicense from the Plaintiff for such transmissions, as required by the Digital Millennium Copyright Act, 17 U.S.C. § 114.

31.     In August 2013 and October 2013, Plaintiff requested that both Defendants cease their infringing conduct by removing the Infringed Sound Recordings from third parties' websites/web stores, but both Defendants failed to correct their actions and, instead, willfully continued its course of infringing conduct.

32.     Both Defendants' actions constitute willful copyright infringement.

33.     Upon information and belief, both Defendants have received royalties or other payments for the digital distribution and/or licensing of the Infringed Sound Recordings without accounting for or remitting the appropriate amounts of such royalties to Plaintiff.

34.     The foregoing conduct of both Defendants constitutes, among other things, direct, vicarious or contributory copyright infringement. The conduct of both Defendants, including the above-described acts of copyright infringement, has been and continues to be willful and knowing or grossly negligent. Defendants acted with utter disregard for the business and financial safety of Plaintiff and, where applicable, with reckless disregard for Plaintiff's rights, and such an entire want of care raises a presumption of willful infringement.

35.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including lost profits, lost opportunities, loss of goodwill, lost publicity, attorneys' fees and interest.

36.     The alleged infringements are continuing as the Infringed Sound Recordings are still being sold and distributed in digital download form and other forms of digital distribution.

37.     Each time any of the Infringed Sound Recordings have been reproduced, reprinted, licensed/sub-licensed, sold and distributed, Defendants are liable for each separate act of infringement, which acts are willful, and which therefore entitle Plaintiff to recover both compensatory and punitive damages, or in the alternative, statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per infringement, or as otherwise allowed by law.

## COUNT II
### (Copyright Infringement - Reproduction)

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39.     Defendant SAAR entered into unauthorized sublicensing agreements with third parties, including Defendant Believe, which resulted in the Infringed Sound Recordings being made available to the public for purchase.

40.     Defendant SAAR's unauthorized copying of the Infringed Sound Recordings by way of manufacturing product infringes Plaintiff's exclusive rights to reproduce these sound recordings under Section 106 of the Copyright Act. (17 U.S.C. § 106).

41.     Moreover, Plaintiff requested that SAAR and Believe cease their reproduction of the Infringed Sound Recordings with third parties, but SAAR and Believe failed to correct their actions and, instead, willfully continued its course of infringing conduct.

42.     The foregoing conduct of Defendants SAAR and Believe constitutes, among other things, direct, vicarious or contributory copyright infringement. Defendants' conduct, including the above-described acts of copyright infringement, has been and continues to be willful and

8

knowing or grossly negligent. Defendants acted with utter disregard for the business and financial safety of Plaintiff and, where applicable, with reckless disregard for Plaintiff's rights, and such an entire want of care as would raise a presumption of willful infringement. Defendants' actions have damaged Plaintiff and resulted in substantial profits and other benefits to Defendants, including but not limited to advertising and other revenues made possible by virtue of Defendants' copyright infringement and the creation of substantial goodwill, brand-name recognition, and overall business value for Defendants.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including lost profits, lost opportunities, loss of goodwill, lost publicity, attorneys' fees and interest.

44. The alleged infringements are continuing as the Infringed Sound Recordings are still being sold and distributed, and Defendants continue to possess physical product containing the Infringed Sound Recordings.

45. Each time any of the Infringed Sound Recordings have been reproduced, reprinted, licensed/sub-licensed, sold and distributed, Defendants are liable for each separate act of infringement, which acts are willful, and which therefore entitle Plaintiff to recover both compensatory and punitive damages, or in the alternative, statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per infringement, or as otherwise allowed by law.

## COUNT III
### (Copyright Infringement - Distribution)

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45.

9

47.     Defendants' unauthorized distribution of the Infringed Sound Recordings through third party distribution channels infringes Plaintiff's exclusive rights to distribute these sound recordings under Section 106 of the Copyright Act (17 U.S.C. §106).

48.     Moreover, Plaintiff made repeated requests of SAAR and Believe to cease their distribution of the Infringed Sound Recordings to third parties, but SAAR and Believe repeatedly failed to correct their actions and, instead, willfully continued its course of infringing conduct.

49.     In August 2013 and October 2013, Plaintiff requested that SAAR and Believe remove the Infringed Sound Recordings from their catalog of available product and cease the distribution of the Infringed Sound Recordings.  Both Defendants have refused to cease the distribution despite takedown demands.

50.     The foregoing conduct of Defendants constitutes, among other things, direct, vicarious or contributory copyright infringement.  Defendants' conduct, including the above-described acts of copyright infringement, has been and continues to be willful and knowing or grossly negligent.  Defendants acted with utter disregard for the business and financial safety of Plaintiff and, where applicable, with reckless disregard for Plaintiff's rights, and such an entire want of care as would raise a presumption of willful infringement.  Defendants' actions have damaged Plaintiff and resulted in substantial profits and other benefits to Defendants, including but not limited to advertising and other revenues made possible by virtue of Defendants' copyright infringement and the creation of substantial goodwill, brand-name recognition, and overall business value for Defendants.

51.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including lost profits, lost opportunities, loss of goodwill, lost publicity, attorneys' fees and interest.

52.     The alleged infringements are continuing as the Infringed Sound Recordings are still being sold and distributed.

53.     Each time any of the Infringed Sound Recordings have been reproduced, reprinted, licensed/sub-licensed, sold and distributed, Defendants are liable for each separate act of infringement, which acts are willful, and which therefore entitle Plaintiff to recover both compensatory and punitive damages, or in the alternative, statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per infringement, or as otherwise allowed by law.

**COUNT IV**
**(Copyright Infringement)**

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 as if fully set forth herein.

55.     By virtue of the acts complained of in Counts I through III, Defendants have willfully infringed Plaintiff's rights with respect to the Infringed Sound Recordings under the copyright laws of each and every foreign country, territory, and possession in which third parties' websites are available.

56.     By virtue of the acts complained of in Counts I through III, Defendants have infringed Plaintiff's rights with respect to the Infringed Sound Recordings under the copyright laws of each and every foreign country, territory, and possession in which third parties' websites are available or product is sold.

57.     Defendants' actions have damaged Plaintiff and resulted in substantial profits and other benefits to Defendants, including, but not limited to, advertising and other revenues made possible by virtue of Defendants' copyright infringement and the creation of substantial goodwill, brand-name recognition, and overall business value for Defendants.

11

## COUNT V
### (Declaratory Relief of Plaintiff's Ownership of
### Claimed Copyrights Against SAAR)

58.　　Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 as if fully set forth herein.

59.　　Pursuant to 17 U.S.C. § 101 *et seq*., and 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

60.　　Previously, this Court held that Plaintiff is the owner of the Infringed Sound Recordings copyrights and that Plaintiff is the party with exclusive rights to exploit the Infringed Sound Recordings. *See Platinum Entertainment, Inc. v. Point Classics, LLC,* Case No. 3-01-1413, which adopted the holdings in *Point Classics, AG v. Disky Gmbh Musik & Video*, Case No. 308 O 388/95, which is a judgment of the District Court of Hamburg, Germany, pronounced on June 11, 1999. *See also Point Classics, LLC v. MP3.com, Inc., Vivendi Universal Net USA Group, Inc. and Payne,* Case No. 3-03-1154. *See also Telos Holdings, Inc. d/b/a Point Classics v. Cascade, GmbH,* Case No. 3:09-0380.

61.　　Furthermore, courts of other jurisdictions have held that Plaintiff is the owner of the Infringed Sound Recordings copyrights and that Plaintiff is the party with exclusive rights to exploit the Infringed Sound Recordings. *See Point Classics, LLC v. Klaus Kraemer,* Case No. 308 O 113/01, which is a judgment of the District Court of Hamburg, Germany, dated July 7, 2004.

12

62.     Plaintiff seeks a declaration that, as a result of its ownership referenced above, any and all assignments, transfers, licenses and sublicenses of the infringing copyright in and to the Infringed Sound Recordings are declared null and void.

## COUNT VI
### (Permanent Injunctive Relief)

63.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as if fully set forth herein.

64.     As described more fully above, the wrongful conduct of the Defendants entitles Plaintiff to compensatory, statutory, and other damages in an amount to be determined.

65.     The Infringed Sound Recordings have been released illegally and without right or justification in violation of Plaintiff's ownership interest in the Infringed Sound Recordings, which are being distributed by SAAR and Believe via various third party websites and stores.

66.     Accordingly, Plaintiff requests that a permanent injunction issue, ordering that the Infringed Sound Recordings, in whatever form, be prohibited from being further released, distributed, reprinted, or sold without the consent of Plaintiff.   Additionally, Plaintiff requests that all of the illegally reproduced product be impounded.   Such relief is necessary and appropriate in order to avoid a multiplicity of actions as Plaintiff has no other adequate remedy at law.

## COUNT VII
### (Accounting)

67.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 66 as if fully set forth herein.

Case 3:14-cv-00957   Document 1   Filed 04/08/14   Page 13 of 16 PageID #: 13

68.     Due to the infringement and wrongful acts of Defendants, Plaintiff is entitled to an accounting of amounts relating to Plaintiff's copyright whereby Plaintiff may determine the revenues and profits rightfully belonging to Plaintiff, and wrongfully gained by Defendants.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff Point Classics prays for judgment against Defendants SAAR and Believe as follows:

1.     That Defendants be found liable for direct, contributory and/or vicarious copyright infringement according to proof;

2.     That Defendants be ordered to submit to an accounting so that all gains, sales, profits and advantages derived by Defendants from each of their acts may be determined;

3.     That Defendants be found liable for willful copyright infringement for each separate act of infringement;

4.     That for such copyright infringement, and each separate act thereof, Defendants be ordered to pay Plaintiff:

i.     Such damages as Plaintiff has sustained in consequence of Defendants' infringement of said copyrights, including, to the extent available, punitive damages in an amount to be determined and to account for and pay to Plaintiff all gains, profits and advantage derived by Defendants from their infringement of Plaintiff's copyright, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright statutes; or in the alternative;

ii.     In the event that Plaintiff's actual damages, including Defendants' profits, are less than One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement and Defendants are found to have willfully infringed, that Plaintiff be awarded statutory damages in the amount

Case 3:14-cv-00957   Document 1   Filed 04/08/14   Page 14 of 16 PageID #: 14

of One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement pursuant to the provision of 17 U.S.C. §504(c)(2); or in the alternative;

      iii.     In the event that Defendants are not found to have willfully infringed and Plaintiff's actual damages, including Defendants' profits, are less than Thirty Thousand Dollars ($30,000.00) per infringement, that Plaintiff be awarded statutory damages in the amount of Thirty Thousand Dollars ($30,000.00) for each infringement pursuant to the provision of 17 U.S.C. §504(c)(1); and/or

5.     That pursuant to 17 U.S.C. § 502, Defendants, their agents and servants be permanently enjoined from infringing said copyrights of Plaintiff's in any manner;

6.     That all amounts received by Defendants from the date of filing of this suit from the exploitation of the Infringed Sound Recordings be placed in an escrow account pending the outcome of this litigation, and that such amounts be awarded to Plaintiff at the conclusion of this case;

7.     That pursuant to 17 U.S.C. § 505, Defendants pay to Plaintiff the costs of this action, including Plaintiff's reasonable attorneys' fees;

8.     That Plaintiff be awarded pre-judgment and post-judgment interest on any monetary award;

9.     That any contract or license/sublicense upon which SAAR relies be declared null and void;

10.    That all physical product containing the Infringed Sound Recordings be impounded; and

11.    Granting Plaintiff such other and further relief as the Court may deem just, equitable and proper.

Case 3:14-cv-00957   Document 1   Filed 04/08/14   Page 15 of 16 PageID #: 15

Dated: April 8, 2014

Respectfully submitted,

**KELLER TURNER RUTH
ANDREWS GHANEM & HELLER, PLLC**

By: _____
Jason L. Turner
Jennifer S. Ghanem
700 12th Avenue South, Suite 302
Nashville, TN 37203
(615) 244-7600 (phone)
(855) 344-7600 (fax)

Attorneys for Telos Holdings, Inc.