UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ONE MEDIA IP LIMITED, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-0957 |
| ) | Judge Aleta A. Trauger |
| HENRY HADAWAY ORGANISATION, ) | |
| LTD.; HHO Licensing Ltd.; and Henry ) | |
| Hadaway, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM & ORDER**

Pending before the court is a Motion to Grant Relief from Default Judgment Under Rule 60(b)(4) and Dismiss Under Rule 12(b)(2) (Docket No. 89), filed by the defendants Henry Hadaway Organisation, Ltd., HHO Licensing, Ltd., and Henry Hadaway (collectively, the "Hadaway Defendants"), to which the plaintiff One Media IP Limited ("One Media") has filed a Response in opposition (Docket No. 97), and the Hadaway Defendants have filed a Reply (Docket No. 98). For the reasons discussed herein, the court will permit the parties to conduct limited discovery as to the issue of personal jurisdiction before the court rules on the motion.

**BACKGROUND & PROCEDURAL HISTORY**

On April 8, 2014 Telos Holdings, Inc., a predecessor-in-interest to One Media, initiated this copyright infringement action against S.A.A.R., SrL. ("SAAR") and Believe S.A.S. ("Believe") regarding a number of classical music recordings. (Docket No. 1.) On July 30, 2014, with leave of court, One Media filed the First Amended Complaint, substituting itself as the proper plaintiff in this action (as successor-in-interest to Telos) and also adding claims against the Hadaway Defendants. (Docket No. 15.) The First Amended Complaint brings

1

claims for willful copyright infringement (in violation of 17 U.S.C. §§ 106 and 114) and unfair competition and seeks damages as well declaratory and injunctive relief.[1] One Media is a corporation organized under the laws of the United Kingdom. The Hadaway Defendants are all residents of England (the company defendants being English companies registered in England). The First Amended Complaint asserts that personal jurisdiction is proper because the Hadaway Defendants regularly conduct business in the state of Tennessee, a fact that is vehemently denied by the Hadaway Defendants in the currently pending motion. It is not at all clear from the record at this time whether there is any relationship between the claims against the Hadaway Defendants and the state of Tennessee.

By September 8, 2014, all of the Hadaway Defendants had been served with the First Amended Complaint. (Docket Nos. 32, 34, and 36.)[2] It is undisputed that, despite being served with the First Amended Complaint[3] and securing the advisement of counsel, the Hadaway Defendants never responded to the pleadings, participated in discovery, or otherwise engaged in the litigation before the court until the filing of the currently pending motion.

---

[1] A more detailed discussion of the facts can be found in the court's August 7, 2015 Memorandum dismissing claims against SAAR and Believe for lack of personal jurisdiction. (Docket No. 71.)

[2] In many places throughout the record, the parties and the court have mistakenly referred to the documents exhibiting proof of service on the Hadaway Defendants as Docket Nos. 32 and 33, a mistake that appears to have originated in One Media's Motion for Entry of Default, discussed below (Docket No. 42).

[3] The Hadaway Defendants now assert that they did not receive the *attachments* to the First Amended Complaint and were, therefore, initially unaware of the bases for the claims against them. This assertion is not, however, the basis for their currently pending motion, nor do the Hadaway Defendants argue that it is the reason for their ongoing decision to not engage in the litigation.

On October 21, 2014, in response to a motion by One Media, the Clerk of Court issued an entry of default against the Hadaway Defendants for their failure to timely respond to the First Amended Complaint. (Docket No. 56.)

On August 7, 2015, following limited court-ordered discovery as to the issue of personal jurisdiction (Docket No. 65), the court issued a Memorandum and Order dismissing all claims against SAAR and Believe for lack of personal jurisdiction under Rule 12(b)(2). (Docket Nos. 71, 72.) In its Order, the court stated:

> The court's disposition of the motions does not resolve the pending claims against the Hadaway Defendants, against whom the Clerk entered a default under Fed. R. Civ. P. 55(a). (Docket No. 56.) By August 27, 2015, the plaintiff shall file a Motion for Default Judgment or otherwise notify the court as to how the plaintiff intends to proceed with respect to the Hadaway Defendants.

(Docket No. 72.)

On August 21, 2015, One Media filed a Motion for Default Judgement and Permanent Injunction against the Hadaway Defendants under Rule 55(b)(2). (Docket No. 73.) In an accompanying Memorandum, One Media asserted that it is entitled to $771,917.50 in damages. One Media began with the premise that the proper amount of statutory damages for the copyright infringement claims at issue is $75,000 for each alleged copyright infringement (noting that $150,000 per each copyright willfully infringed is the maximum damage award allowed under 17 USC § 504(c)(1) and (2)). According to One Media, its catalog, which is subject to 32 copyright registrations, contains 4,558 recordings, of which 1,466 recordings were allegedly infringed by the Hadaway Defendants. One Media then calculated a damages amount of $771,917.50 by multiplying $75,000 times each of the 32 registrations, times the percentage of the catalog which was allegedly infringed. One Media further asserted that it had incurred attorney's fees and costs in the amount of $9,928.82.

On September 17, 2015 the court entered default judgment against the Hadaway Defendants in the amount of $771,917.50, plus attorney's fees and costs in the amount of $9,928.82, for a total principal amount of $781,846.32. (Docket No. 76.) The court also ordered a permanent injunction enjoining the Hadaway Defendants from exploiting in any manner the recordings from One Media's catalog and ordering the Hadaway Defendants to return to One Media all copies of illegally reproduced recordings. On September 23, 2015, the Clerk of Court issued a final Entry of Judgment. (Docket No. 77.)

On October 21, 2015, the Clerk of Court issued Amended Writs of Execution to the United States Marshall for the Middle District of Tennessee, commanding the collection of $781,846.32 from each of the Hadaway Defendants to satisfy the judgment. (Docket Nos. 81, 82, and 83.) On February 8, 2016, One Media filed proof of service of the Default Judgment and Amended Writs of Execution on the Hadaway Defendants, demonstrating that service took place between December of 2015 and January of 2016. (Docket Nos. 84, 85, 86.)

On April 27, 2016, the Hadaway Defendants filed the pending Motion to Grant Relief From Default Judgment Under Rule 60(b)(4) and Dismiss Under Rule 12(b)(2), seeking to set aside the default judgment entered against them as void and dismiss the underlying claims for lack of personal jurisdiction. (Docket No. 89.) This motion was accompanied by a Memorandum in Support (Docket No. 90-1), the Declaration of Henry Hadaway (Docket No. 91), the Declaration of Lawrence Abramson (Docket No. 92), and a Corporate Disclosure Statement (Docket No. 93).

On May 10, 2016, One Media filed a Response in opposition. (Docket No. 97.) One Media's response does not fully address the question of personal jurisdiction. Rather, One Media focuses its response on arguing that it is not proper, at this time, to set aside the default

judgment. In the alternative, One Media states: "Should the Court find that the [Hadaway] Defendants' motion asserts reasonable grounds to set aside the judgment in accordance with the law of the Sixth Circuit, then Plaintiff respectfully requests that the Court enter an Order allowing the parties to conduct discovery as was allowed with respect to the other two defendants in the case." (Docket No. 97, p. 16.)

On May 24, 2016, the Hadaway Defendants filed a Reply (Docket No. 98).

## **ANALYSIS**

Federal Rule of Civil Procedure 55 states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides several enumerated grounds for setting aside default judgments; in particular, Rule 60(b)(4) provides that a default judgment may be set aside where "the judgment is void." Lack of jurisdiction is a valid basis for finding a judgment void under Rule 60(b)(4). *Northridge Church v. Charter Tp. of Plymouth*, 647 F.3d 606, 612 (6th Cir. 2011). In deciding whether to set aside an entry of default under Rule 55, the court considers: "(1) whether the entry of default was the result of willful or culpable conduct; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 432 (6th Cir. 1996). When a court has already entered a default judgment, the court must consider these factors and also find that one of the specific Rule 60(b) requirements is met in order to set aside the judgment. *Id.* at 433; *see also Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006); *Dassault Systems, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011). Finally, under Rule 60(c)(1), a motion to set aside a default judgment must be made within a "reasonable time."

5

It is not entirely clear that a motion for default judgment under Rule 60(b)(4) for lack of personal jurisdiction actually requires consideration of the equitable factors identified above in order for the court to set aside the judgment. The Sixth Circuit has held that "[p]ersonal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of [a] default judgment." *Citizens Bank v. Parnes*, 376 F. App'x 496 (6th Cir. 2010) (citing *Kroger v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)). The Sixth Circuit has also stated:

> If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4). A judgment is void under 60(b)(4) if the court that rendered it *lacked jurisdiction of the subject matter, or of the parties*, or if it acted in a manner inconsistent with due process of law.

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (emphasis added). Even considering the other equitable factors, however, the court finds that, for the reasons discussed below, if there is no basis for personal jurisdiction over the Hadaway Defendants, the court must set aside the default judgment.

Turning to the equitable factors, the court finds first that the Hadaway Defendants have clearly raised a meritorious defense, namely that the court lacks personal jurisdiction over them. In determining whether a defendant seeking to set aside a default judgment has raised a meritorious defense, "'the test is not whether the defense is likely to succeed on the merits; rather, the criterion is merely whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *Dassault*, 663 F.3d at 843 (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)); *see also Thompson*, 95 F. 3d at 433-34 (a meritorious defense in this context requires only a "hint of a suggestion which, proven at trial, would constitute a complete defense"). Next, the court finds that One Media will not be

prejudiced by setting aside the default judgment, as prejudice is understood in this context. The Sixth Circuit has clearly held that delay to the litigation and increase in costs to the plaintiff is not a basis for establishing prejudice with respect to setting aside a default judgment, as these are natural consequences *whenever* a default judgment is set aside. *Dassault*, 663 F.3d at 842 (In order to establish prejudice resulting from setting aside a default, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987))). One Media has not even alleged, let alone pointed to evidence of, any basis for prejudice other than its efforts and expenses in this litigation to date.

Further, the court finds that the Hadaway Defendants' culpability in the entry of default does not offset the other factors. Culpability in this context is defined as "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the defendant's] conduct on judicial proceedings." *Thompson*, 95 F.3d at 433-34; *see also Dassault*, 663 F.3d at 841 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir 1986). While it is undisputed that the Hadaway Defendants were aware of the litigation but refused to participate, it is not at all clear from the record that they intended to thwart the litigation or recklessly disregarded the effects of their conduct rather than simply exercised their right to not participate on the grounds of improper jurisdiction. Indeed, the Sixth Circuit has held that "'[d]efects in personal jurisdiction are not waived by default when a party fails to appear or respond . . . until after the default judgment was entered.'" *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011)); *see also Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1120 (6th Cir. 1994) (holding that, while a party may waive the right to contest personal jurisdiction by not raising it

7

in a responsive pleading, a party that fails to appear or respond at all does not waive personal jurisdiction questions by default).[4]

Finally, the Sixth Circuit has held that the reasonableness of the timing of a Rule 60(b) motion "'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009) (quoting *Olle v. Henry & Wright*, 910 F.2d 357, 365 (6th Cir. 2006)). As discussed above, there is no evidence in the record of prejudice to One Media resulting from the Hadaway Defendants' filing at this time, other than the costs and inconvenience of protracted litigation. Further, voidness for lack of jurisdiction is a significant factor compelling – if not demanding – relief from a default judgment. Finally, while Rule 60(c)(1) provides that all 60(b) motions must be brought within a reasonable time, it expressly caps the time limit for motions brought under 60(b)(1),(2), or (3) – motions to set aside judgment for mistake, discovery of new evidence, or fraud, respectively – at one year and does not cap the time limit for motions under Rule 60(b)(4). In keeping with this guidance, the court finds that a motion under Rule 60(b)(4) should not be found untimely when brought well within one year from the entry of the default judgment and less than five months from service on the defendants of the final default judgment and writs of execution, absent other factors demonstrating an unreasonable delay. Overall, the court finds that the balance of the factors weighs in favor of setting aside the default judgment. In fact, on a Rule 60(b)(4) motion,

---

[4] One Media argues that, in order to avoid a finding of culpability for the default, the Hadaway Defendants must prove that there was mistake, inadvertence, surprise, or excusable neglect, which is the standard for setting aside a default judgment under Rule 60(b)(1). Contrary to One Media's position, there are no grounds for the court to construe the pending motion as a motion under Rule 60(b)(1). The Hadaway Defendants have clearly brought a motion under Rule 60(b)(4), seeking to set aside the judgment for lack of jurisdiction, and their culpability as an equitable factor for the court to consider is not held to the same standard.

facts should be construed and doubts resolved in favor of the defendant seeking to set aside the default judgment. *INVST*, 815 F.2d at 398; *see also Burrell*, 434 F.3d at 834.

For these reasons, the court will set aside the default judgment in this case, and dismiss the claims against the Hadaway Defendants, if there is no basis for personal jurisdiction. Before making this determination, however, the court will allow the parties to conduct limited discovery as to the jurisdictional issue. In considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a court may, in its discretion, permit discovery in aid of deciding the motion. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). Because the court finds that the record is not fully developed with respect to personal jurisdiction, and in light of the court's prior order allowing jurisdictional discovery as to the other defendants, the court finds that allowing limited jurisdictional discovery as to the Hadaway Defendants is appropriate at this time.

## CONCLUSION

For the foregoing reasons, the parties may engage in discovery relevant to specific personal jurisdiction only for ninety (90) days from the entry of this Order concluding on September 28, 2016. On October 28, 2016 the parties may file supplemental briefs with regard to the jurisdictional question, at which time the court will decide the pending motion.

Is it so **ORDERED**.

Enter this 28th day of June 2016.

ALETA A. TRAUGER
United States District Judge