UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ONE MEDIA IP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-0957 |
| ) | Judge Aleta A. Trauger |
| HENRY HADAWAY ORGANISATION, ) | |
| LTD.; HHO Licensing Ltd.; and Henry ) | |
| Hadaway, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Compel (Docket No. 106) filed by the plaintiff, One Media IP Limited, to which the defendants – Henry Hadaway Organisation, Ltd.; HHO Licensing Ltd.; and Henry Hadaway – have filed a Response in Opposition (Docket No. 110). For the reasons discussed herein, the motion will be denied.

## BACKGROUND & PROCEDURAL HISTORY

On June 28, 2016, this court issued a Memorandum and Order addressing the defendants' Motion to Grant Relief from Default Judgment Under Rule 60(b)(4) and Dismiss under Rule 12(b)(2) for lack of personal jurisdiction. (Docket No. 99 (the "Prior Opinion").) The Prior Opinion, which recounted in greater detail the background and procedural history of this copyright infringement action (familiarity with which is presumed and will not be repeated herein), indicated that setting aside the default judgment would be appropriate if personal jurisdiction is lacking, but it reserved final decision pending limited jurisdictional discovery. (*Id.*) In particular, the Prior Opinion ordered that the parties should conduct relevant discovery through September 28, 2016, and file supplemental briefs with regard to personal jurisdiction on October 28, 2016. (*Id.* at p. 9.)

1

On October 19, 2016, the court held a discovery dispute telephone conference with counsel for the parties and issued an Order allowing the plaintiff to file a Motion to Compel with reference to the plaintiff's September 14, 2016 Supplemental Requests for Production of Documents (the "Discovery Requests"). (Docket No. 103.) The court further ordered that the Discovery Requests were timely and that the defendants could not raise untimeliness as a defense to the Motion to Compel. Finally, the court ordered that the Motion to Compel had to be filed by October 27, 2016, the defendants' Response, by November 3, 2016, and supplemental briefing on the jurisdictional question, 14 days after the discovery issue was resolved. (*Id*.)

On October 24, 2016, the plaintiff filed the September 12, 2016 deposition of Henry Hadaway and the October 17, 2016 Declaration of Philip Miles. (Docket No. 104.)

On October 27, 2016, the plaintiff filed the currently pending Motion to Compel, along with an accompanying Memorandum, seeking an order compelling the defendants to produce the documents sought in the Discovery Requests. (Docket Nos. 106, 107.) Attached to the plaintiff's Memorandum are the Discovery Requests and the defendants' Responses thereto.

The "Discovery Requests" seek documents related to sales in the United States, by third-party licensors or distributors, of recordings licensed by the defendants. (Docket No. 107-1.) The Defendants' Responses raise objections on multiple grounds, including that the Discovery Requests are overly broad and burdensome and implicate documents in the possession of third parties rather than the defendants. (Docket No. 107-2.)

On November 3, 2016, the Hadaway Defendants filed a Response in Opposition. (Docket No. 110.)

## **ANALYSIS**

The parties appear to agree that the Discovery Requests are not related to the specific recordings at issue in this infringement action and, indeed, they do not on their face appear to so

2

relate. Rather, they are aimed at gathering information about the sales of *other* recordings licensed by the defendants and distributed by third parties, seemingly for the purpose of uncovering whether there has been a significant volume of such sales in Tennessee. The parties dispute, as an initial matter, whether the Discovery Requests are enforceable, in light of objections by the defendants that they are overly broad and burdensome and relate to documents outside of the defendants' control. The court need not reach these questions because, as discussed below, the Discovery Requests are, in any event, irrelevant to establishing personal jurisdiction in this action.

The plaintiff argues that the Discovery Requests are geared toward establishing *general*, rather than specific, personal jurisdiction over the defendants, an apparent concession that the Discovery Requests do not relate to the particular recordings at issue in this action. The defendants object to the Discovery Requests, in part, on the grounds that the court ordered limited discovery with respect to *specific* personal jurisdiction only. It is correct that the Prior Opinion ordered discovery as to "specific" jurisdiction. (Docket No. 99, p. 9.) This is because there had been no indication in any prior briefing before the court that the plaintiff was intending to assert a general personal jurisdiction argument with regard to the defendants. Indeed, the plaintiff specifically requested the type of jurisdictional discovery that the court previously ordered with respect to former defendants, who are no longer parties to this action (Docket No. 97, p. 16), and that discovery was expressly limited to specific jurisdiction only (Docket No. 65). The plaintiff is correct, however, that it has not expressly waived the argument that general personal jurisdiction is appropriate as to the remaining defendants, and the court will not disallow discovery that is tailored toward establishing general personal jurisdiction, nor will the court be unwilling to entertain arguments pertaining to general personal jurisdiction in

3

subsequent jurisdictional briefing. Nevertheless, as the defendants correctly argue in their briefing, the Discovery Requests are not tailored to uncover facts that would establish either specific or general personal jurisdiction in this action.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). General personal jurisdiction over a corporate defendant is appropriate only where "the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum state." *Daimler AG v, Bauman*, 134 S.Ct. 746, 751 (2014).

None of the items sought in the Discovery Requests pertains to factors that could establish that the defendants are at home in Tennessee (such as whether they have offices, employees, representatives, or real property here, or even enter into direct sales within the state). At most, the Discovery Requests would reveal whether the defendants placed recordings into the stream of commerce that ended up in the state of Tennessee. This is not sufficient for a general jurisdiction analysis. *See Goodyear*, 564 U.S. at 927 ("Flow of a manufacturer's products into the forum, we have explained, may bolster an affiliation germane to specific jurisdiction. . . . But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant. . . . A corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (internal citations omitted)). Moreover, because this evidence would not concern the specific recordings at issue in this action, any such stream of commerce evidence would also not be relevant to a *specific* jurisdictional

analysis. Accordingly, the Discovery Requests are not relevant to developing the record as to the jurisdictional question at issue in this case, and the defendants' responses will not be compelled.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's Motion to Compel (Docket No. 106) is hereby **DENIED**. In keeping with the court's October 19, 2016 Order, the parties shall file supplemental briefing on personal jurisdiction by January 30, 2017 so that the court may resolve the defendants' pending Motion to Grant Relief From Default Judgment Under Rule 60(b)(4) and Dismiss Under rule 12(b)(2) (Docket No. 89).

It is so **ORDERED**.

Enter this 11th day of January 2017.

_____
ALETA A. TRAUGER
United States District Judge