UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ONE MEDIA IP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-0957 |
| | ) | Judge Aleta A. Trauger |
| HENRY HADAWAY ORGANISATION, | ) | |
| LTD.; HHO Licensing Ltd.; and Henry | ) | |
| Hadaway, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Pending before the court is a Motion to Grant Relief from Default Judgment Under Rule 60(b)(4) and Dismiss Under Rule 12(b)(2) (Docket No. 89) filed by the defendants, Henry Hadaway Organisation, Ltd., HHO Licensing, Ltd., and Henry Hadaway (collectively, the "Hadaway Defendants"), to which the plaintiff, One Media IP Limited ("One Media"), has filed a Response in opposition (Docket No. 97), and the Hadaway Defendants have filed a Reply (Docket No. 98). The court allowed the parties to conduct limited discovery as to the issue of personal jurisdiction before deciding the motion (Docket No. 99), and the parties have filed supplemental briefing on the pending motion following this limited discovery period (Docket Nos. 113, 114). For the reasons discussed herein, the motion will be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

One Media initially filed this copyright action against S.A.A.R. SrL ("SAAR") and Believe SAS ("Believe") on April 8, 2014. (Docket No. 1.) The Amended Complaint was filed on July 30, 2014, naming the Hadaway Defendants for the first time. (Docket No. 15.) A more complete discussion of the allegations in the Amended Complaint can be found in the court's August 7, 2015 Memorandum dismissing the claims against SAAR and Believe for lack of

1

jurisdiction, following limited jurisdictional discovery. (Docket No. 71 (the "SAAR/Believe Opinion").) The SAAR/Believe Opinion also contains a discussion of the court's factual findings related to jurisdiction over SAAR and Believe. The court will not repeat herein all of the factual allegations, factual findings, or legal holdings contained in the SAAR/Believe Opinion, familiarity with which is presumed, but briefly recounts below the following facts that are pertinent to the currently pending motion.

One Media and the Hadaway Defendants are all residents of England.[1] One Media's claims against the Hadaway Defendants arise from allegations that the Hadaway Defendants illegally issued licenses to SAAR for a number of recordings now owned by One Media (the "Recordings") and that SAAR, in turn, distributed the Recordings through Believe and other third parties, allowing the Recordings to be downloaded throughout the world, including in Tennessee. The Amended Complaint alleges, and the court found the undisputed evidence to show, that, in 2006, the Hadaway Defendants entered into a representation agreement with Point Classics, LLC ("PC"), a now-defunct Tennessee limited liability corporation that was the owner of the Recordings at the time and is a predecessor-in-interest to One Media (the "2006 Rep. Agreement").[2] The 2006 Rep. Agreement gave the Hadaway Defendants rights to the Recordings for a three-year period, without the right to issue sub-licenses. It is undisputed that the Hadaway Defendants executed the 2006 Rep. Agreement through dealings with Jim Long,

---

[1] According to the Hadaway Defendants, and undisputed by One Media, HHO Licensing Ltd. has not been in existence since 2004 but, when it was operational, it was a resident of England.

[2] The 2006 Rep. Agreement was actually only entered into by one of the Hadaway Defendants, Henry Hadaway Organisation, Ltd., and, therefore, it is not clear that, even if the 2006 Rep. Agreement were sufficient to establish jurisdiction over that defendant, jurisdiction would then properly be imputed to the other Hadaway Defendants. The court will, however, refer to the 2006 Rep. Agreement as being entered into by the Hadaway Defendants collectively for purposes of this motion, as the 2006 Rep. Agreement is anyway insufficient to establish jurisdiction for the reasons discussed more fully herein.

who was a member of PC at the time and who resided in Malibu, California at an address registered as the principal office of PC.

Finally, the Amended Complaint alleges, and the evidence shows, that the allegedly infringing use of the Recordings stems from a sublicensing agreement entered into between the Hadaway Defendants and SAAR in 2000, six years prior to the execution of the 2006 Rep. Agreement (a sublicense that One Media claims was illegally issued). The record shows that the Recordings were downloaded just nine times in Tennessee, a miniscule fraction of the global distribution of the Recordings. Further, in the SAAR/Believe Opinion, the court found that the Tennessee downloads were not the result of any particular targeting of Tennessee or even under the direct control of SAAR or Believe. Ultimately, the court found this nominal number of downloads insufficient to warrant specific personal jurisdiction over SAAR and Believe in Tennessee, based on Tennessee's stream of commerce plus standard laid out in *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 479-80 (6th Cir. 2003). The SAAR/Believe Opinion did not address the Hadaway Defendants, who are now the sole remaining defendants in this action, because the Hadaway Defendants had not moved for dismissal or otherwise responded to the litigation at that time. The court subsequently entered a default judgment against the Hadaway Defendants on September 17, 2015 (Docket No. 76) and a final Entry of Judgment was issued by the Clerk of Court on September 23, 2015 (Docket No. 77).

In the currently pending motion, the Hadaway Defendants seek to vacate the default judgment against them on the grounds that the court lacks personal jurisdiction. On June 28, 2016, the court issued a Memorandum & Order related to this motion, allowing the parties to engage in limited jurisdictional discovery for 90 days and then file supplemental briefing before the motion would be decided. (Docket No. 99 (the "Discovery Opinion").) A more complete

discussion of the background and procedural history of this action up to that point in time can be found in the Discovery Opinion, familiarity with which is presumed, and will not be repeated herein. Briefly, the Discovery Opinion held, for reasons more fully discussed therein, that, if the court finds personal jurisdiction to be lacking upon review of the supplemental briefing following limited jurisdictional discovery, the court must grant the Hadaway Defendants' Motion, vacate the default judgment, and dismiss the case.

During the limited discovery period, the court issued an Order denying a Motion to Compel by One Media. (Docket No. 112 (the "MTC Opinion").) In that motion, One Media sought certain enumerated items from the Hadaway Defendants related to establishing the volume of sales in Tennessee or the United States, through third-party licensors or distributors, of recordings licensed by the Hadaway Defendants that are not the subject of this action. In the MTC Opinion, the court explained that evidence that recordings other than the Recordings were placed in the stream of commerce (regardless of the volume) cannot establish either specific or general personal jurisdiction because 1) specific jurisdiction in this action must arise from transactions involving the Recordings themselves and 2) general jurisdiction requires something far beyond a stream of commerce analysis. (*Id*. at p 4.)

On January 30, 2017, One Media filed its Supplemental Response in Opposition to the Defendant's Motion to Grant Relief from Default Judgment and Dismiss, following limited jurisdictional discovery as provided by the Discovery Opinion.[3] (Docket No. 113.) One Media

---

[3] In this filing, One Media cites the MTC Opinion and asserts that the court limited jurisdictional discovery to *specific* personal jurisdiction only. (Docket No. 113, o. 1, n. 1.) In fact, however the MTC Opinion expressly states that "the court will not disallow discovery that is tailored toward establishing general personal jurisdiction, nor will the court be unwilling to entertain arguments pertaining to general personal jurisdiction in subsequent jurisdictional briefing." (Docket No. 112, pp. 3-4). As stated above, the MTC Opinion did not deny One Media's Motion to Compel because it sought evidence related to *general*, rather than *specific* jurisdiction but,

4

has placed little new evidence in the record in support of its opposition. It has, however placed documents in the record that further confirm the facts referenced in the SAAR/Believe Opinion and discussed above. Namely, One Media has attached to its Supplemental Response the Declaration of Michael Infante, CEO of One Media, which references the nine Tennessee downloads of the Recordings that were discussed in the SAAR/Believe Opinion. (See Docket No. 113-1, ¶6.) One Media has also attached a letter indicating that SAAR believed it acquired sublicensing rights to the Recordings from the Hadaway Defendants in March of 2000 and that its exploitations of the Recordings were done in good faith reliance on that acquisition. (Docket No. 113-4.) One Meida has also attached PC's 2006 LLC Annual Report filed with the state of Tennessee. (Docket No. 113-2.) This report shows that PC was registered in Tennessee and had a Tennessee address on file, but it also shows only two members of PC at the time – Jim Long and Deborah DeBerry Long – who both had a single business address listed in Malibu, California. One Media further attached a 2009 email indicating that the Hadaway Defendants were in possession of a hard drive containing the Recordings and that, in 2009, when the 2006 Rep. Agreement was not renewed, the Hadaway Defendants were supposed to return this hard drive and also remove the Recordings from their website. (Docket No. 113-3.)

Finally, the Infante Declaration also states that the Hadaway Defendants have distributed, through third parties, a large volume of audio and visual recordings worldwide, including throughout the United States and within the state of Tennessee, not including the Recordings. (See Docket No. 113-1. ¶¶ 4-5.) There is no indication, however, that Tennessee was in any way specifically targeted by these licensing or distribution agreements. With respect to the

---

instead, because the requested discovery at issue was not designed to uncover evidence that would have been able to establish general or specific jurisdiction.

Recordings, One Media has provided no evidence to show that they were downloaded in Tennessee other than the nine times identified above. There is also no evidence in the record to suggest that the Hadaway Defendants have offices in Tennessee, own property in Tennessee, have bank accounts in Tennessee, have any agents, employees or representatives in Tennessee, or even that any agents, employees or representatives of the Hadaway Defendants have ever travelled to Tennessee to conduct business on behalf of the Hadaway Defendants,

Also on January 30, 2017, the Hadaway Defendants filed their Supplemental Memorandum of Fact and Law in Support of Their Motion to Grant Relief from Default Judgment under Rule 60(b)(4) and Dismiss Under Rule 12(b)(2). (Docket No. 114.) The Hadaway Defendants attached to their Supplemental Memorandum a copy of the 2006 Rep. Agreement showing that 1) the 2006 Rep. Agreement lists only a Malibu, California address for PC, and 2) the 2006 Rep. Agreement provides that it is governed by English law and that all disputes arising from the 2006 Rep. Agreement should be resolved in English courts.

## **ANALYSIS**

In keeping with the Discovery Opinion, now that jurisdictional discovery is complete and the parties have filed supplemental briefing, the court can render a final decision on the pending Motion to Grant Relief from Default Judgment. As stated above and explained in greater detail in the Discovery Opinion, a finding that the court lacks personal jurisdiction must necessarily result in the court's granting the pending motion to vacate the default judgment against the Hadaway Defendants and dismissing this action. Because the court finds that there is no basis for personal jurisdiction over the Hadaway Defendants, the pending motion will be granted.[4]

---

[4] The plaintiff argues that, because there has been no evidentiary hearing, it need only establish a *prima facie* case of jurisdiction. In fact, however, the court finds that an evidentiary hearing is not necessary because the jurisdictional question can be decided based on undisputed evidence in the record. Generally, when reviewing a 12(b)(2) motion for lack of jurisdiction after the parties

In putting forth evidence about Tennessee downloads of recordings (other than the Recordings) that were placed into the stream of commerce by the Hadaway Defendants,[5] One Media appears to again conflate specific and general jurisdiction. As the court explained in the MTC Order, a stream of commerce analysis relates only to *specific* jurisdiction. General jurisdiction, to the contrary, requires a showing that the defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014). As explained more fully in the SAAR/Believe Opinion, a stream of commerce plus analysis – as set forth in *Bridgeport Music, Inc.* – may be a means of establishing purposeful availment, which the Sixth Circuit has held is one of three required elements for establishing specific jurisdiction. *See S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381-382 (6th Cir. 1968). Under *Mohasco*, the following three elements must be present for personal jurisdiction to be found: 1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;" 2) "the cause of action must arise from the defendant's activities" in the forum state; and 3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable."

---

have had an opportunity to conduct jurisdictional discovery, the court should use a preponderance of the evidence standard to determine whether jurisdiction is appropriate. *See SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014). The Sixth Circuit has held that, in deciding a Rule 60(b)(4) motion for lack of jurisdiction, however, it is the movant, rather than the original plaintiff, who has the burden of showing a "total want of jurisdiction." *In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003). The court finds that, even under this heightened standard, the Rule 60(b)(4) motion should be granted for lack of jurisdiction.

[5] There is a dispute of fact as to whether all of the recordings the plaintiffs have referenced are even licensed by the Hadaway Defendants or simply by other entities with similar names that have an unclear relationship to the Hadaway Defendants. The court need not resolve this dispute, however, because, even if these recordings are all affiliated with the Hadaway Defendants, the fact that they were downloaded in Tennessee does not establish jurisdiction here for the reasons discussed herein.

The downloads of recordings other than the Recordings cannot establish specific personal jurisdiction over the Hadaway Defendants because they are not the subject of this infringement action, and the claims at issue did not arise from these downloads. Nor can the downloads give rise to general personal jurisdiction, because they relate only to an indirect stream of commerce relationship between the Hadaway Defendants and Tennessee, and are not sufficient to establish that the Hadaway Defendants are in any way at home in Tennessee. In fact, the record is completely devoid of any evidence that would establish general personal jurisdiction over the Hadaway Defendants.

One Media has put forth two other bases for establishing specific personal jurisdiction over the Hadaway Defendants: the nine downloads of the Recordings in Tennessee, and the 2006 Rep. Agreement. For the same reasons the court found the nine Tennessee downloads of the Recordings insufficient to establish specific jurisdiction over SAAR and Believe, they are also insufficient to establish specific jurisdiction over the Hadaway Defendants, particularly where there is no additional evidence showing that the Hadaway Defendants had any direct control over these downloads or otherwise targeted Tennessee residents as consumers of the Recordings. *See Bridgeport Music, Inc.*, 327 F.3d at 478-79 ("The purposeful availment requirement ensures that a defendant will not be haled into a jursidction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. . . . [T]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state.").

The 2006 Rep. Agreement likewise does not meet any of the *Mohasco* elements for the establishment of specific personal jurisdiction over the Hadaway Defendants. First, the fact that the Hadaway Defendants entered into a contract with a limited liability company based in

8

Tennessee is not, alone, sufficient to establish purposeful availment. *CompuServve*, *Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996) ("[M]erely entering into a contract with [a resident of the forum state] would not, without more, establish . . . minimum contacts."); *see also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) (citing *Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 795 (6th Cir. 1993) and *Burger King v. Rudzewicz*, 471 U.S. 462, 479 (1985)). As the Supreme Court has held, "with respect to interstate contractual obligations . . . parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. 476 (internal citations omitted).

While Point Classics was registered in Tennessee at the time the 2006 Rep. Agreement was executed, it had a business address in Malibu, California listed on the agreement, and Jim Long, who was the Hadaway Defendants' point of contact in entering the 2006 Rep. Agreement, was based in California. All of this suggests that, at best, the Hadaway Defendants were attempting to do business in California, not in Tennessee. Even assuming, however, that the sheer fact of PC's registration in Tennessee renders the 2006 Rep. Agreement a contract entered with a Tennessee resident, this does not alone establish that the Hadaway Defendants had any intention of establishing a continuing relationship with the state of Tennessee. While the representation agreement lasted for a three-year term, there is no evidence that it required any additional contact between the Hadaway Defendants and PC beyond the initial execution. Moreover, there is no evidence that the Hadaway Defendants reached out to PC to execute this agreement. Finally, the 2006 Rep. Agreement was governed by the laws of England and provided that all disputes be resolved in English courts. All of this shows that the Hadaway

Defendants, in entering the 2006 Rep. Agreement, did not intend to purposefully avail themselves of the privilege of acting in Tennessee.

Next, even if purposeful availment were found, there is no basis to find that the claims in this action truly arise from 2006 Rep. Agreement. One Media attempts to argue that the 2006 Rep. Agreement is the only way the Hadaway Defendants were able to access the Recordings and only when they had secured such access were they able to improperly sublicense rights to the Recordings to SAAR, who in turn distributed the Recordings through Believe. Even if this were true, it is not at all clear that this would support a finding that the claims in this action arise from the 2006 Rep. Agreement, rather than from wholly independent infringing actions of the Hadaway Defendants. Indeed, this is not a breach of contract action. More importantly, One Media's assertions that the 2006 Rep. Agreement was the sole basis for the Hadaway Defendants' ability to access the Recordings and sublicense them to SAAR is belied both by the allegations in the Complaint and evidence placed in the record by One Media following jurisdictional discovery. The Complaint alleges, and the record shows, that the alleged infringing distribution of the Recordings by SAAR began in 2000, six years before the 2006 Rep. Agreement was ever entered. In fact, the evidence in the record suggests that there is a long and sordid history of transactions between the Hadaway Defendants and predecessors-in-interest to One Media for the rights to the Recordings. It appears that One Media has homed in on the 2006 Rep. Agreement not because it is the occurrence that initially gave rise to the claims, but because it is the one agreement that happened to involve an entity registered in Tennessee and provides One Media with a basis to allege that jurisdiction is proper here.

Lastly, the court finds that, even if purposeful availment were present and the claims had arisen from the 2006 Rep. Agreement, there would still be no substantial basis for reasonably

exercising jurisdiction in Tennessee.  One Media correctly points out that, under *Mohasco*, where the first two factors are present, the third is generally presumed.  *See First Nat'l Bank of Louisville*, 680 F.2d at 1126 ("When the first two elements are met, an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion.").  The court finds, however, that this is just such an unusual case, where, even if the first two factors were met, there would still be no substantial basis for reasonably exercising jurisdiction here.  The Sixth Circuit has held that, in determining this final *Mohasco* factor of reasonableness of jurisdiction, the court should consider "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies."  *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002).  None of these factors support jurisdiction here.  None of the parties to this action are present in Tennessee.  There is no showing that any of the witnesses or any of the evidence is based here or that any of the occurrences giving rise to the claims actually took place here (with the exception of a handful of downloads by third parties).

This is a dispute between two foreign corporations for infringements that took place over a number of years through distribution agreements that spanned the entire U.S. or the entire world and in no way targeted Tennessee.  One Media argues that its interest in obtaining relief in this action is best served by a lawsuit in the United States, rather than in England, due to familiarity with United States copyright laws.  It has put forth no evidence, however, to suggest that the English courts are ill-equipped to handle the claims at issue.  In fact, the 2006 Rep. Agreement, which was entered by One Media's predecessor-in-interest, specifically provided for resolution of disputes arising from that licensing of the Recordings to be resolved in England.  Certainly, this limited interest of One Media, a resident of England, does not outweigh the

burden to the Hadaway Defendants and the inefficiency of litigating in Tennessee or the lack of any interest in this action by the state of Tennessee.

For these reasons, the court finds that there is no basis for establishing personal jurisdiction over the Hadaway Defendants and their motion must be granted.

## CONCLUSION

For the foregoing reasons, the Motion to Grant Relief from Default Judgment Under Rule 60(b)(4) and Dismiss Under Rule 12(b)(2) is hereby **GRANTED**. The court's prior Order of Default Judgment against the Hadaway Defendants (Docket No. 76) is hereby **VACATED** and this action is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 7th day of February 2017.

_____
ALETA A. TRAUGER
United States District Judge