# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ONE MEDIA IP LIMITED, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-0957 |
| ) | Judge Aleta A. Trauger |
| HENRY HADAWAY ORGANISATION, ) | |
| LTD.; HHO LICENSING LTD.; and HENRY ) | |
| HADAWAY, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM & ORDER

On September 17, 2015, in light of the defendants' failure to defend this action up until that point in time, the court entered a default judgment against the defendants. (Docket No. 76 (the "Default Judgment").) On September 23, 2015, the Clerk of Court issued a final Entry of Judgment. (Docket No. 77.) The defendants subsequently moved to vacate the Default Judgment and dismiss the action for lack of personal jurisdiction. (Docket No. 89.) On February 7, 2017, for reasons more thoroughly explained therein, the court issued a Memorandum and Order granting the defendants' motion, vacating the Default Judgment, and dismissing the action with prejudice. (Docket No. 115.)

The court's Order vacating the Default Judgment, however, did not expressly order that all executions issued under the Default Judgment be quashed nor did it order that the plaintiff return all funds it had collected from the defendants pursuant to the Default Judgment. The defendants have now filed a Motion to Alter or Amend the court's prior Order to incorporate this language. (Docket No. 117.) By this motion, the defendants also ask that the court order the plaintiff to pay interest at a rate of 5.25% on any funds previously collected from the defendants

1

pursuant to the Default Judgment, though the defendants cite no authority for awarding such interest.

The defendants are correct that the court's prior Order vacating the Default Judgment renders void any past or future attempts to execute the Default Judgment and that the plaintiff should not be permitted to keep or obtain funds from the defendants pursuant to the Default Judgment. *See, e.g. Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 908 (6th Cir. 2006). Pursuant to the court's prior Order, the Default Judgment should no longer be enforceable or subject to execution. To the extent, however, that the prior Order may be unclear, the court will grant the defendants' request to amend the prior Order to clarify that the plaintiff may no longer issue executions based upon the Default Judgment. The court will also amend the prior Order to require the plaintiff to return to the defendants any funds already collected in execution of the Default Judgment.

Because the defendants have provided no authority for awarding interest on any such funds, however, the court will consider whether such an award should equitably be granted. Because the court finds that the complex nature of the proceedings may have led to genuine confusion, including a period of time wherein the Default Judgment was enforceable and had not yet been vacated, the court does not find that it is proper to require the plaintiffs to pay interest on these funds. The court also notes that less than eighteen months has elapsed between the entry of the Default Judgment and the entry of this Order, a relatively short period of time during which funds may have been improperly transferred from the defendants to the plaintiff. For these reasons, the court will decline to award interest on any funds collected by the plaintiff.

Accordingly, the defendants' Motion to Alter or Amend Judgment is hereby **GRANTED IN PART and DENIED IN PART**. The court's February 7, 2017 Order (Docket No. 115) is

hereby **AMENDED** to add the following language: The Default Judgment (Docket No. 76) and related Entry of Judgment (Docket No. 77) are void and should not be subject to execution in this or any other jurisdiction. The plaintiff is **ORDERED** to return to the defendants within ten (10) days any funds previously collected through enforcement of the Default Judgment.

Entered this 7th day of March, 2017.

ALETA A. TRAUGER
United States District Judge